[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11089
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20785-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANSO AZOR,
a.k.a. Maxo Blane,
a.k.a. Phillipe Romaine,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 15, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Anso Azor appeals his sentence of 30 months of imprisonment following his plea of guilty to using or possessing fraudulent immigration documents, 18 U.S.C. § 1546(a), and aggravated identity theft, id. § 1028A(a)(1).  Azor argues that his sentence is unreasonable.  We affirm.

Azor was deported in 1988 twice after entering the United States illegally using two different false identities; in 1995 after attempting to reenter the country using his real name; and in May 2012 when he attempted to reenter the country using a false passport bearing his photograph and the name of a naturalized citizen of the United States, J.R.J.  In September 2012, Azor again attempted to enter the United States.  Azor presented using a Haitian passport and a permanent resident card, both of which bore his photograph and J.R.J.'s name.  Border patrol agents searched Azor and seized from him other documents bearing J.R.J.'s name, including licenses issued by Florida and Georgia, credit and debit cards, and records of checks issued by an employer and governmental tax offices.  Azor also had amassed criminal charges under J.R.J.'s name.

The district court did not abuse its discretion.   The district court sentenced Azor to a term at the high end of his advisory guideline range of zero to six months of imprisonment for using fraudulent immigration documents and to a consecutive term of 24 months of imprisonment that was mandated for his offense of aggravated identity theft.  See United States Sentencing Guidelines Manual

2

§ 2B1.6(a) & n.1.  Azor requested a sentence of two years and one day based on his unfortunate childhood, various tragedies in adulthood, and obligations to his children in Haiti and the United States, but the district court reasonably determined that a sentence of 30 months of imprisonment was necessary to address the statutory purposes of sentencing.  See 18 U.S.C. § 3553(a).  The district court explained that Azor required a sentence "of the high end or more" because "deportation [didn't] really seem to much matter" to him; he "need[ed] to be punished" for his "serious" offenses that involved "using a live person's identification"; and "putting him in jail . . . [appeared to] be the only way" to prevent him from "sneaking back in" and returning to "the streets."  Azor complains about insufficient weight being given to his professed fear of being persecuted in Haiti and his financial obligations to his families, but the district court was entitled to find that those considerations were outweighed by the need to address the seriousness of his offenses and deter future similar conduct, particularly when Azor had admitted to entering the country for economic reasons. See United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  Azor also argues that his sentence is unreasonably disparate from those imposed on United States citizens who can qualify for "drug treatment or release to a halfway house," but a deportable alien like Azor who has repeatedly violated our immigration laws is not similarly situated to a legal citizen of this country.  See United States v.

3

Docampo, 573 F.3d 1091, 1101–02 (11th Cir. 2009) ("A well-founded claim of disparity, however, assumes that apples are being compared to apples." (quoting United States v. Mateo–Espejo, 426 F.3d 508, 514 (1st Cir. 2005)).

We **AFFIRM** Azor's sentence.